**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

August 4, 2016

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   **Wegh v. Financial Recovery**
        **14 CV 7000 (KAM) (RML)**

        **Holczler et ano. v. Financial**
        **15 CV 299 (KAM) (RML)**

Dear Judge Matsumoto:

I represent the plaintiffs in the above referenced matters. Defendants have filed a Motion to Amend/Correct/Supplement the Fully Briefed Motion for Summary Judgment (Doc 26). Defendants' letter begins with a summary of the recent Supreme Court decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016). Defendants' letter ends by making the following argument made now in its motion for the very first time.

> "[N]either Plaintiff Wegh nor Plaintiffs Holczler/Reich allege or articulate any actual damages were incurred stemming from the alleged FDCPA violations. While actual damages are sought in Plaintiffs' request for relief, there are no indications that any actual damages resulted from FRS' alleged actions. In fact, the only allegation is that of a mere procedural violation that the Supreme Court articulated is not sufficient alone to maintain Article III standing…As *Spokeo* was remanded to the Ninth Circuit to determine if the plaintiff had adequately alleged an injury in fact, in the present Wegh and Holczler matters such injury is decisively absent based on the pleadings."

It is true that in *Spokeo*, the Supreme Court addressed the injury-in-fact requirement for Article III standing. Nevertheless, *Spokeo* appears to have broken no new ground. The only change *Spokeo* effected in the standing doctrine was that "a bare procedural violation, divorced from any concrete harm" identified by Congress, will not give rise to an Article III injury. *Spokeo,* 136 S. Ct. at 1549.

After the Supreme Court issued its opinion in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016) the Second Circuit just held that given the change *Spokeo* effected in the standing doctrine, plaintiffs must get an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and any standing issues to be addressed must

only be addressed after the plaintiffs replead their claims. See. *Cruper-Weinmann v. Paris Baguette Am.*, Nos. 14-3709-cv, 15-464-cv, 2016 U.S. App. LEXIS 12012, at *3 (2d Cir. June 30, 2016) ("Given the change Spokeo effected in the standing doctrine, we remand to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in Spokeo, and to allow the district courts to address any standing questions in the first instance.")

In light of the Second Circuit's holding that allows plaintiffs an opportunity to replead their claims, Plaintiffs are now seeking a pre motion conference to amend their complaints to be certain they comport with the pleading standards set forth in *Spokeo*.

Additionally, this Circuit has permitted a party to amend a complaint even after discovery has been completed and defendants have filed summary judgment motions, and even when the basis for the amendment existed at the time of the original complaint. *Miller v. Selsky*, 00-0157, 2000 U.S. App. LEXIS 29697, at *6-7 (2d Cir. Nov. 21, 2000)

In this case, the plaintiffs seek to replead their claims to comport with the pleading standards set forth in *Spokeo*. Most importantly in this case, <u>no discovery has occurred</u>, so defendants will not suffer prejudice. See *Miller v. Selsky*, 00-0157, 2000 U.S. App. LEXIS 29697, at *6-7 (2d Cir. Nov. 21, 2000) "This circuit has permitted a party to amend a complaint after discovery has been completed and defendants have filed summary judgment motions, even when the basis for the amendment existed at the time of the original complaint. See *Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir. 1986). Similar to *Hanlin*, plaintiffs seek to replead their claims to be certain they comport with the pleading standards set forth in Spokeo. See *id*. at 841. In this case, no discovery has occurred, so defendants will not suffer prejudice even if an amended complaint requires discovery."

Given the change *Spokeo* effected in the standing doctrine, plaintiffs seek an opportunity to replead their claims to be certain they comport with the pleading standards set forth in *Spokeo*, and to allow the District Court to address any standing questions in the first instance after the complaint is amended. *See Cruper-Weinmann v. Paris Baguette Am.*, Nos. 14-3709-cv, 15-464-cv, 2016 U.S. App. LEXIS 12012, at *3 (2d Cir. June 30, 2016)

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:   Michael T. Etmund, Esq.